**FILED**
**CLERK**

12/28/2015 12:48 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
MARK SAM on behalf of himself
and all others similarly situated,

                 Plaintiff,        <u>MEMORANDUM & ORDER</u>
                                     15-CV-2780(JS)(GRB)

       -against-

SELIP & STYLIANOU, LLP, f/k/a
COHEN & SLAMOWITZ, LLP,
MITCHELL SELIP, DAVID A. COHEN,
and MITCHELL G. SLAMOWITZ,

                Defendants.
-------------------------------------X
APPEARANCES
For Plaintiff:       Mitchell L. Pashkin, Esq.
                    775 Park Avenue, Suite 255
                    Huntington, NY 11743

For Defendants:      Joseph L. Francoeur, Esq.
                    Wilson, Elser, Moskowitz,
                      Edelman & Dicker LLP
                    150 East 42nd Street
                    New York, NY 10017

SEYBERT, District Judge:

         Currently pending before the Court is defendants Selip & Stylianou, LLP f/k/a Cohen & Slamowitz, LLP, Mitchell Selip, David A. Cohen, and Mitchell Slamowitz's (collectively, "Defendants") motion to dismiss or, alternatively, for an Order transferring this matter to the United States District Court for the Western District of New York (the "Western District"). (Docket Entry 4.)  For the following reasons, Defendants' motion to transfer is GRANTED and this action is HEREBY TRANSFERRED to the Western District of New York.

BACKGROUND[1]

Plaintiff Mark Sam ("Plaintiff") commenced this action, individually and on behalf of an alleged class, asserting claims against Defendants pursuant to the Fair Debt Collection Practices Act ("FDCPA") (specifically, 15 U.S.C. §§ 1692e and 1692f), New York General Business Law § 349, and New York Judiciary Law § 487.[2]

I.   The State Action

Plaintiff alleges that defendant Selip & Stylianou, LLP, f/k/a Cohen & Slamowitz, LLP ("Cohen & Slamowitz"), commenced a consumer collections lawsuit against him in the City Court of the City of Dunkirk, County of Chautauqua ("Dunkirk City Court") in or about January 2007 (the "State Action").  (Compl., Docket Entry 1-1, ¶ 22.)   The State Action was commenced on behalf of Midland Funding LLC ("Midland") and resulted in a default judgment against Plaintiff (the "Judgment").  (Compl. ¶¶ 22-23.)  Plaintiff alleges that at the time the State Action was commenced, the Dunkirk City Court did not have jurisdiction over him—-and accordingly, had no basis to issue the Judgment—-because he was a resident of Westfield, New York.  (Compl. ¶ 23.)

---

[1] The following facts are taken from the Complaint and presumed to be true for the purposes of this Memorandum & Order.

[2] This action was initially commenced in the Supreme Court of the State of New York, County of Nassau, and removed to this Court pursuant to Defendants' Notice of Removal dated May 13, 2015. (Docket Entry 1.)

At the time the State Court Action was commenced, Cohen & Slamowitz "believed that City Court Act § 213 and 15 USC 1692i allowed a lawsuit to be brought against a consumer to collect a consumer debt in any city court within the county of the consumer's residence." (Compl. ¶ 24.) However, Plaintiff avers that the Second Circuit's subsequent decision in the matter of Hess v. Cohen & Slamowitz, 637 F.3d 117 (2d Cir. 2011), holds that City Court Act § 213 and 15 U.S.C. § 1692i do not permit a consumer collection lawsuit to be commenced in any city court in the county of the debtor's residence. (Compl. ¶ 25.)

Plaintiff alleges that Cohen & Slamowitz's "account notes" indicate that they were aware of the Hess decision. (Compl. ¶ 26.) However, Cohen & Slamowitz did not attempt to ascertain whether they had an obligation to vacate the Judgment in light of the Hess decision. (Compl. ¶ 26.)

On September 13, 2011, Cohen & Slamowitz closed Plaintiff's State Court Action file pursuant to Midland's request. (Compl. ¶ 27.) Cohen & Slamowitz was aware that Midland had placed Plaintiff's file "with another agency" and on March 25, 2014, Midland executed a Consent to Change Attorney to substitute Eltman, Eltman & Cooper (the "Eltman Firm") as their attorneys of record. (Compl. ¶ 27.) Cohen & Slamowitz executed the Consent to Change Attorney on April 15, 2015 and returned it to the Eltman Firm the next day. (Compl. ¶ 28.) Cohen & Slamowitz did not inform Midland

or the Eltman Firm of any potential issues with respect to the Judgment based on the <u>Hess</u> decision.  (Compl. ¶ 29.)

On April 24, 2014, the Eltman Firm issued an income execution in connection with the Judgment.  (Compl. ¶ 30.) However, Plaintiff was not served with the summons and complaint in the State Action; Cohen & Slamowitz had not consistently attempted to collect the alleged debt over the years; and Plaintiff had moved several times since the commencement of the State Action. (Compl. ¶ 31.)  Accordingly, Plaintiff was not aware of the Judgment until he received the income execution issued by the Eltman Firm.  (Compl. ¶ 31.)  Plaintiff and the Eltman Firm ultimately entered into a stipulation vacating the Judgment and discontinuing the State Action with prejudice, and the State Action Court signed an Order vacating the Judgment on February 4, 2015. (Compl. ¶¶ 33, 35.)

## II.   The Western District Action

On July 29, 2014, Plaintiff commenced an action against Cohen & Slamowitz LLP, Mitchell Selip, Mitchell G. Slamowitz, and David A. Cohen in the Western District, individually and on behalf of an alleged class (the "Western District Action").  <u>Sam v. Cohen & Slamowitz, LLP</u>, No. 14-CV-611, 2015 WL 114076 (W.D.N.Y. Jan. 8, 2015) (Denying defendants' motion for judgment on the pleadings and denying plaintiff's motion for class certification as premature).  Plaintiff's complaint in the Western District Action

4

(the "Western District Complaint") alleges that Cohen & Slamowitz violated the FDCPA (specifically, 15 U.S.C. § 1692i) by commencing the State Action in Dunkirk City Court.  Plaintiff also alleges that Cohen & Slamowitz's delivery of the Consent to Change Attorney to the Eltman Firm was a continuation of that violation.  (Western Dist. Compl., Pl.'s Opp., Ex. J., Docket Entry 10-10, ¶¶ 38, 41, 43.)

Plaintiff's counsel in this action, Mitchell Pashkin, Esq., who maintains an office in Huntington, New York, executed the Western District Complaint as attorney for Plaintiff along with Frank Borgese, Esq. of Graham & Borghese, LLP, which maintains an office in Buffalo, New York.  (See Western Dist. Compl.)

III.  Defendants' Motion

On June 2, 2015, Defendants filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for an Order transferring this matter to the Western District pursuant to 28 U.S.C. § 1404(a).  (Defs.' Mot., Docket Entry 4.)  With respect to transfer of venue, Defendants argue that: (1) the Western District action arises from the same set of facts as this matter; (2) litigating this matter in the Eastern District of New York (the "Eastern District") is inconvenient for Defendants' witnesses because it may require them to testify in multiple districts; (3) litigating this matter in the Eastern District is inconvenient for the parties due to the

5

fact that "Defendants will be forced to expend resources to litigate Plaintiff's multiple actions flowing from the [State Action] in multiple districts"; (4) the locus of operative facts is in the Western District because of the Dunkirk City Court's location in that District; and (5) transfer to the Western District will avoid potentially inconsistent rulings. (Defs.' Br., Docket Entry 4-1, 20-21.)

Plaintiff opposes Defendants' motion and argues, inter alia, that this matter should not be transferred to the Western District. (Pl.'s Br., Docket Entry 10, at 22-25.) Plaintiff alleges that: (1) this matter turns on "pure legal questions" (i.e., the application of the Hess decision) and, accordingly, there is no locus of operative facts; (2) alternatively, the locus of operative facts relates to what Defendants knew or should have known in light of the Hess decision and thus lies in the Eastern District where all Defendants are located; (3) Plaintiff's counsel, a sole practitioner who is bearing the costs for this action and will only be reimbursed for costs if Plaintiff prevails or settles, would incur greater expenses if this case is transferred; (4) the Eltman Firm is located in Manhattan and the communications between Defendants and Midland and Defendants and the Eltman Firm are not at issue in the Western District Action; (5) if the Eltman Firm is an unwilling witness, the Southern District of New York will entertain a proceeding to compel

compliance with subpoenas; (6) the Complaint in the Western District Action does not assert violations of state law; and (7) Plaintiff's counsel and his adversary in the Western District Action were advised that Judge John T. Curtin, the presiding judge in that matter, "will not be able to handle any summary judgment motion or trial[ ] and therefore the case eventually will have to be re-assigned. (Pl.'s Br., Docket Entry 10, at 23-25.)

## DISCUSSION

Prior to addressing the merits of Defendants' motion, the Court must determine the threshold matter of whether the Eastern District is the appropriate venue for this case. Blechman v. Ideal Health, Inc., 668 F. Supp. 2d 399, 403 (E.D.N.Y. 2009).

## I.   Legal Standard

The district court is empowered to transfer a civil action to any district where the action might have been commenced "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating the propriety of a transfer of venue by clear and convincing evidence. Neil Bros. Ltd. v. World Wide Lines, Inc., 425 F. Supp. 2d 325, 327 (E.D.N.Y. 2006) (citations omitted).

A motion to transfer requires a two-fold inquiry: (1) whether the action could have been commenced in the transferee court, and (2) whether a transfer is appropriate "considering the 'convenience of parties and witnesses' and the 'interest of

7

justice.'"   Invivo Research, Inc. v. Magnetic Resonance Equip. Corp., 119 F. Supp. 2d 433, 436 (S.D.N.Y. 2000) (quoting Wilshire Credit Corp. v. Barrett Cap. Mgmt. Corp., 976 F. Supp. 174, 180 (W.D.N.Y. 1997)).

Additionally, the following factors are considered in determining a motion to transfer: "(1) convenience of witnesses; (2) convenience of parties; (3) locus of operative facts; (4) availability of process to compel the attendance of unwilling witnesses; (5) location of relevant documents and other sources of proof; (6) relative means of the parties; (7) relative familiarity of the forum with the governing law; (8) weight accorded to the plaintiff's choice of forum and (9) the interests of justice." Kroll v. Lieberman, 244 F. Supp. 2d 100, 102 (E.D.N.Y. 2003). These factors are not singularly dispositive; instead, the Court weighs all factors in rendering a determination. Blechman, 668 F. Supp. 2d at 403 (citations omitted).

It is well settled that transfer is appropriate where there is a prior pending lawsuit in the transferee district that involves "'the same facts, transactions, or occurrences.'" Pall Corp. v. PTI Tech., Inc., 992 F. Supp. 196, 201 (E.D.N.Y. 1998) (emphasis in original) (quoting Levitt v. State of Md. Deposit Ins. Fund Corp., 643 F. Supp. 1485, 1493 (E.D.N.Y. 1986)). Accord Nabisco, Inc. v. Brach's Confections, Inc., No. 00-CV-5875, 2000 WL 1677935, at *5 (S.D.N.Y. Nov. 8, 2000). Indeed, transferring

cases to the district where related actions are pending serves to "promote judicial economy and to avoid duplicative litigation." NBA Properties, Inc. v. Salvino, Inc., No. 99-CV-11799, 2000 WL 323257, at *9 (S.D.N.Y. Mar. 27, 2000).

Additionally, the "first filed" rule provides that where an action is commenced in one federal district court and an action involving the same issues and parties is brought in another federal court, "the court which first has possession of the action decides it." Am. Steamship Owners Mut. Prot. and Indem. Ass'n, Inc. v. Lafarge N. Am., Inc., 474 F. Supp. 2d 474, 481 (S.D.N.Y. 2007), aff'd sub. nom., N.Y. Marine and Gen. Ins. Co. v. Lafarge, 599 F.3d 102 (2d Cir. 2010).  This rule only applies to lawsuits that are duplicative such that the actions substantially overlap with parties and claims that are identical or substantially similar. Blechman, 668 F. Supp. 2d at 404.  While there is generally a "strong presumption in favor of the forum of the first-filed suit," this rule need not be applied where convenience or special circumstances warrant giving priority to the second case.  Id.; Am. Steamship, 474 F. Supp. 2d at 481.  The first-filed rule does not supersede the Court's Section 1404(a) inquiry and is considered as one of the many factors in analyzing efficiency and the interest of justice.  HomeoPet LLC v. Speed Lab., Inc., No. 14-CV-663, 2014 WL 2600136, at *14 (E.D.N.Y. Jun. 11, 2014).

II.   <u>Analysis</u>

The parties do not dispute that this matter could have been commenced in the Western District.  Accordingly, the Court's inquiry is limited to whether transfer is appropriate based on the convenience of the parties and their witnesses and the interest of justice, with the first-filed rule to be considered as an additional factor.  <u>See</u> <u>Invivo Research</u>, 119 F. Supp. 2d at 436; <u>HomeoPet</u>, 2014 WL 2600136 at *14.

The Court finds that the Western District Action involves identical facts and issues as those asserted in this action and, accordingly, the first-filed rule is applicable. <u>Blechman</u>, 668 F. Supp. 2d at 404 (Holding that the first-filed rule applies to duplicative lawsuits with identical or substantially similar parties and claims.).  Both actions are based on Cohen & Slamowitz's commencement of a collections action against Plaintiff in Dunkirk City Court notwithstanding his residence in Westfield, New York.  (<u>See</u> Compl. ¶¶ 22-24; Western Dist. Compl. ¶¶ 22, 26, 35-36.)  Moreover, the defendants in both actions are identical and both actions assert claims pursuant to the FDCPA, albeit under different provisions. (See <u>generally</u> Compl.; Western Dist. Compl.)

The substantial similarity between the two actions weighs in favor of transfer to the Western District.  It would be wholly inconvenient for the parties to litigate virtually

identical lawsuits in separate venues and it would be equally inconvenient for the parties' witnesses to testify in both the Eastern and Western Districts.  Such a result is antithetical to judicial economy and creates the potential for inconsistent rulings.  See Pall Corp., 992 F. Supp. at 201 (Noting that this Circuit favors that related claims be resolved in the same forum in consideration of more efficient pretrial discovery, saving witnesses time and money with respect to pretrial proceedings and trial, and avoiding duplicative and potentially inconsistent litigation.)

Plaintiff's argument that his counsel, Mr. Pashkin, would incur greater costs if this case is litigated in the Western District is not compelling. (See Pl.'s Br., 23-24.)  See Butcher v. Gerber Prods. Co., No. 98-CV-1819, 1998 WL 437150, at *11 (S.D.N.Y. Aug. 3, 1998) (Granting defendant's motion to transfer venue and noting that "the location of Plaintiffs' attorneys is given little, if any weight.")  A review of the Docket for the Western District Action confirms that Mr. Pashkin continues to serve as attorney of record for Plaintiff.  A transfer of this matter to the Western District would, in actuality, be more cost efficient for Plaintiff and/or his counsel to the extent that appearances in both actions could be scheduled on the same dates. Additionally, the Complaint states that Plaintiff is a resident of Dunkirk, Chautauqua County, New York.  (Compl. ¶¶ 5, 23.)  The

Court takes judicial notice of the fact that Dunkirk is located significantly closer to the Western District's courthouses in Buffalo and Rochester than the Eastern District's courthouses in Brooklyn and Central Islip.

The Court rejects Plaintiff's remaining arguments as unpersuasive. Parenthetically, Plaintiff argues both that "the locus of operative facts either has no relation to the Western District or has a much greater relationship to the Eastern District of New York" and that if this case turns on the interpretation of the Hess decision, "[t]hese are pure legal questions and therefore have no particular connection to any particular district." (Pl.'s Br. at 23.) To the extent Plaintiff argues that there is no locus of operative facts, such a result actually weighs in favor of transfer, as the substantial weight placed on plaintiff's choice of forum "'is significantly diminished' where, as here, 'the operative facts have no connection to the chosen district.'" Larca v. U.S., No. 11-CV-3952, 2012 WL 6720910, at *3 (S.D.N.Y. Dec. 16, 2012) (quoting Carder v. D&D Jewelry Imports, 510 F. Supp. 2d 344, 346 (S.D.N.Y. 2007)).

## CONCLUSION

For the foregoing reasons, Defendants' motion to transfer venue is GRANTED and this case is HEREBY TRANSFERRED to the Western District of New York. The Court makes no finding on

the merits of Defendants' motion to dismiss.  The Clerk of the
Court is directed to mark this matter CLOSED.


                                        SO ORDERED


                                        /s/ JOANNA SEYBERT_____
                                        Joanna Seybert, U.S.D.J.

DATED:      December __28__, 2015
            Central Islip, New York